DEL TORO, PLAINTIFF AND APPELLEE, *v.* JUNCOS CENTRAL COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action of Unlawful Detainer.

No. 2349.—Decided January 18, 1921.

LEASE—UNLAWFUL DETAINER—DAMAGES:—The fact that in a contract of lease it was stipulated that ''the failure of one of the parties to comply with any of the conditions will entitle the other party to recover such damages as he may suffer'' does not defeat the right of the lessor to bring an action of unlawful detainer when it lies. An action for damages and an action for unlawful detainer may lie at the same time.

ID.—ACCEPTANCE OF RENT PAST DUE.—A contract of lease is not modified for the future as to the date of payment of the rent by the fact that the lessor accepts payment of some of the instalments of rent after they were past due, particularly when the lessor protests against such irregularity.

ID.—ID.—WAIVER.—When the lessor accepts payment of an instalment of rent after the expiration of the time fixed in the contract, even if he does so under protest he waives his right to evict the lessee for failure to pay that instalment of rent.

ID.—ID.—ID.—Although the contract may provide that the lessee shall remit the instalments of rent to the lessor by registered mail, if the lessee forwards the same by ordinary mail and the lessor accepts and receives it the lessor thereby waives any right which he may have for that violation of the contract.

The facts are stated in the opinion.

*Mr. C. Coll y Cuchí* for the appellant.

*Mr. J. Martínez Dávila* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

In this action of unlawful detainer judgment was given for the plaintiff and the defendant took this appeal.

It appears from the pleadings and the evidence that the plaintiff, Fernando del Toro, is the owner of three rural properties; that he leased them to the defendant, The Juncos Central Company, for a term of ten years at an annual rent of six thousand dollars, payable in semi-annual instalments, and that the remittances were to be sent directly to the residence of the lessor in Madrid, Spain, by registered mail and by one of the mail steamers leaving the port of San Juan, P. R., for Europe within the fifteen days following the date on which each instalment became due. The contract took effect on March 1, 1911.

The instalment of rent which became due on March 1, 1920, was not remitted by the defendant to the plaintiff until April 26, 1920, or after the expiration of the time fixed in the contract. The plaintiff received the said instalment at his residence in an unregistered letter and accepted it after reserving his rights against the defendant under the contract. Thereafter he brought this action of unlawful detainer, praying that the defendant be evicted from the said properties for non-payment of the rent in the manner and within the time agreed upon.

The defendant maintained that by virtue of the acts of the parties the contract had been modified regarding the time within which payment was to be made, and it was shown that on several occasions payments had been made by the defendant and accepted by the plaintiff long after they had become due under the contract, as follows: The instalment due in the first fortnight of March, 1912, was remitted on the 19th of that month; that for the first fortnight of March, 1913, on May 20, and that for the first fortnight of March, 1917, on April 7. Other cases of delayed payments were shown, but it appears from the record that the plaintiff always protested.

The defendant also maintained that as the contract of lease contained a clause to the effect that "the non-performance by one of the parties of any of the conditions stipulated will give the other party the right to recover the damages suffered thereby," that clause was sufficient to safeguard the rights of the plaintiff. And in this connection it was proved that on a certain occasion when the plaintiff did not receive the rent within the time agreed on he did not bring an action of unlawful detainer, but brought an action of debt.

1. Beginning with this last question, we will say that the appellant's contention is without merit because an action of unlawful detainer and an action for damages may be maintained at the same time. It was so held by the Supreme Court of Spain in a judgment of March 27, 1900, which although not binding on the Supreme Court of Porto Rico, is convincing on account of the force and soundness of its reasoning. The court said:

"It being accepted as an indisputable fact that Santiago Aranda García violated the condition contained in the contract with regard to the manner of cultivating the lands of Francisco de Paula Espinosa which he held under a lease, the judgment sustaining the action of unlawful detainer makes good and proper application of subdivision 3 of section 1569 of the Civil Code cited in the first ground of appeal, inasmuch as the right of eviction conferred by law upon the lessor in that case is in no manner affected by the stipulation contained in the eleventh clause of the contract of lease. That stipulation, which must be literally performed, considering its clear terms, according to sections 1091 and 1281 of the same code (which sections, as well as section 1278, were correctly construed by the trial court), confers also in an express manner upon the owner a right which does not exclude the action of unlawful detainer, but may even serve to complement it." 89 *Jurisprudencia Civil,* 417.

2. As regards the modification of the clause of the contract relative to the date of payment, we will say that although for the purposes of comprehending the justice of

this case the said delays in the payments and the attitude
of the plaintiff are important, nevertheless that importance
is not decisive, for although the plaintiff accepted the pay-
ments, it is also true that he always protested, thereby set-
tling each individual instance, but leaving the contract in
full force and effect for the future.

3. Now, the pleadings and the evidence bring out a fact
which forces us to reverse the judgment appealed from,
namely: That the plaintiff received and accepted the semi-
annual instalment of rent in question before bringing the
action of unlawful detainer; therefore, when he brought the
action the payment had been actually made.

In volume 6, page 14, of his Commentaries on the Law
of Civil Procedure Manresa condenses the jurisprudence of
the Supreme Court of Spain in the matter as follows:

"The Supreme Court has held in its judgment of June 30, 1883,
that 'although the laws allow the lessor an action of unlawful detainer
for the non-payment of the rent as agreed upon, it is not provided
in any law, nor was it agreed upon in the contract of lease in question,
that payment would not bar the action unless it was made on the
same day of its maturity. On the contrary, it is in conformity with
justice and the letter and spirit of the said laws that the action for
non-payment will not lie after payment has been spontaneously made
by the lessee and received by the lessor; otherwise the action would
be based upon a false cause.' According to this sound doctrine, al-
though the instalment may have been past due, the action of unlawful
detainer cannot prosper if brought after payment has been made, or
after the lessee had deposited the amount of the rent in court, as
had been done in the cases to which the said judgment and that of
February 20, 1890, refer. And by another judgment of June 25,
1891, the action of unlawful detainer was sustained because the rent
was deposited after the complaint had been filed."

This same theory guided the courts of England and of
the United States in their decisions.

From Shirley's Selection of Leading Cases in the Com-
mon Law, page 104, we quote:

"The courts lean against forfeiture; and therefore any positive act of the landlord's, from which it may be ·inferred that he elected to overlook the breach of covenant, and to continue the tenancy, will be greedily snatched at. The most satisfactory of the acts which operate as a waiver of forfeiture is *acceptance of rent which has become due since the forfeiture;* and if such rent is accepted, it is of no consequence ·that the landlord took it under protest and declaring that he did not intend to waive the forfeiture."

And in summarizing the jurisprudence of the American courts, 24 Cyc. 1361, says:

"The acceptance by a landlord of rent which accrues after the breach of a condition contained in the lease is a waiver of the right to declare a forfeiture of the lease and reënter because of such breach, provided the acceptance was with full knowledge upon the part of the landlord of the fact of the breach and all the circumstances thereof."

4. Counsel for the plaintiff urged at the hearing on the appeal that in this particular case the written contract was so positive that the non-performance of any of its stipulations sustained his alleged right to its rescission and to eviction, and that in this case the violation of two stipulations was admitted, to wit: That relative to the remittance of the sum by registered mail and that relative to the punctual payment of the instalments of rent as agreed upon, for which reason the judgment appealed from should be affirmed without further consideration.

The contract contains the following clauses:

"The lessee shall not be excused from paying punctually the instalments of rent, either by reason of *vis major* or extraordinary or unforeseen fortuitous events."

\*        \*        \*        \*        \*        \*        \*

"Failure to pay punctually the instalments of rent in the manner agreed upon will be sufficient cause for eviction from the leased properties, The Juncos Central Company having no right to an extension of time or to any claim on the growing crops."

The first of these clauses has nothing to do with the viola-

tions alleged and admitted in this case. It is in accordance with sections 1478 *et seq.* of the Civil Code, which contain certain provisions special to leases of farm properties.

The second clause would be important if eviction had been adjudged for the purposes of settling the question of the growing crops, but as to the right of eviction for the non-payment of the rent within the agreed time, it makes the contract neither stronger nor weaker. If that clause had been omitted the non-payment of the rent in accordance with the statute (subdivision 2 of section 1472 of the Civil Code) would have been a sufficient ground for the eviction of the lessee. This being so, the general rule stated above regarding the course to be followed when the lessor accepts the rent before bringing his action is applicable to this particular case.

We have to consider now only the question of the registration of the letters containing the remittances. The contract requires that the remittances should be made by registered mail and here the draft for the semi-annual instalment of rent in question was sent in an unregistered letter, but the fact is that the draft was received and collected without difficulty. The purpose of registering letters is undoubtedly to insure their contents, and in this case the contents arrived safely, notwithstanding the failure to register the letter; therefore the purpose was actually fulfilled. At all events, even if it should be admitted that this violation was so important as to be a sufficient ground for eviction, in receiving and accepting the contents of the letter the lessor waived his right thereto.

By reason of all the foregoing the judgment appealed from is reversed and the complaint is dismissed without special imposition of costs.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.